UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

KENNETH PRINGLE,

        Petitioner,

v.                                        19-CV-253-JLS

A. AWOPETU,

        Respondent.
_____

## DECISION AND ORDER

*Pro se* petitioner Kenneth Pringle, a prisoner confined at Wyoming Correctional Facility, seeks relief pursuant to 28 U.S.C. § 2254. He alleges that his December 5, 2005 conviction in New York State Supreme Court, Erie County, was unconstitutionally obtained. Dkt. 1.

According to 28 U.S.C. § 2244(d)(1), a one-year period of limitations applies to an application for a writ of habeas corpus by a person in custody pursuant to a judgment of a state court. The limitation period shall run from the latest of:

>  (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>  (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>  (C)    the date on which the constitutional right asserted was initially recognized by the [United States] Supreme Court, if the right has been newly recognized by the

> Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*See* 28 U.S.C. § 2244(d)(1).

It appears that Pringle's Petition should be barred under 28 U.S.C. § 2244(d)(1). Specifically, it appears that more than a year has passed from the date on which Pringle's judgment of conviction became final—even taking into account the effect of any tolling periods provided by the filing of the collateral attacks listed in the Petition. *See* Dkt. 1, ¶¶ 15, 16, 18.

Pringle's conviction was affirmed by the New York State Supreme Court Appellate Division, Fourth Department, on March 19, 2010. *See People v. Pringle*, 71 A.D.3d 1450, 896 N.Y.S.2d 772 (2010). And on July 14, 2010, Pringle was denied leave to appeal to the New York Court of Appeals. *See People v. Pringle*, 15 N.Y.3d 777 (2010). Dkt. 1, ¶ 11. He did not file a petition for a writ of certiorari with the United States Supreme Court. *Id.*, ¶ 12.

Accordingly, for purposes of 28 U.S.C. § 2244(d)(1)(A), the date on which the conviction became final was October 12, 2010—in other words, 90 days after the date the Court of Appeals denied leave to appeal. *See, e.g.*, *Shelton v. Smith*, No. 9:09-cv-1151 GLS/ATB, 2011 WL 2473014, at *1 (N.D.N.Y. June 21, 2011) ("[T]he statute of limitations began to run ninety days after leave to appeal was denied by the New York Court of Appeals."). Pringle did not file this Petition until February

20, 2019,[1] a number of years after his conviction became final for purposes of Section 2244(d)(1)(A).

At some point, Pringle filed a state court motion collaterally attacking his conviction pursuant to New York Criminal Procedure Law Section 440.10. Dkt. 1, ¶ 15. The motion was denied on February 3, 2009. Pringle filed a second Section 440.10 motion on April 9, 2015, which was denied on December 23, 2015. Dkt. 1, ¶ 16. The statute of limitations would generally be tolled from the date the Section 440.10 motion was filed until the time the Appellate Division denied leave to appeal. *See, e.g., Raucci v. Kirkpatrick*, 9:16-CV-0031, 2016 WL 204495, at *3, n.4 (N.D.N.Y. Jan. 5, 2016) ("The statute of limitations was tolled by the filing of the CPL § 440 motion, and remains tolled until either: (1) the time to seek leave to appeal from the denial of the CPL § 440 motion expires (*see* CPL § 460.10(4)(a)); or (2) the date the Appellate Division decides any motion for leave to appeal.") (citing 28 U.S.C. § 2244(d)(1)(A) and *Saunders v. Senkowski*, 587 F.3d 543, 548 (2d Cir. 2009)). Yet, there is no indication here that Pringle's Section 440.10 motions tolled the statute of limitations because he does not allege that either were filed before the statute of limitations expired.

The filing of a post-conviction motion collaterally attacking a conviction does not reset the statute of limitations period. *See Smith v. McGinnis*, 208 F.3d 13, 17

---

[1] Pursuant to the prison mail box rule, the Petition was filed on the date that it was signed. *See Houston v. Lack*, 487 U.S. 266, 271 (1988); *see also Dory v. Ryan*, 999 F.2d 679, 682 (2d Cir. 1993), *modified on rehearing*, 25 F.3d 81 (2d Cir. 1994) (a *pro se* prisoner litigant's papers are deemed filed when they are placed in the hands of prison officials for mailing).

(2d Cir. 2000) (per curiam) (holding that the tolling provision contained in Section 2244(d) does not reset the date from which the one-year limitations periods begins to run); *see also Youngblood v. Greiner*, No. 00 Civ. 7984 (DLC), 2003 WL 145546, at *2 n. 3 (S.D.N.Y. Jan. 21, 2003), *on reconsideration*, No. 00 Civ.7984 DLC, 2003 WL 21386251 (S.D.N.Y. June 16, 2003) ("*Smith v. McGinnis* . . . made clear that the limitations period does not begin anew after collateral relief is pursued"). Therefore, Pringle's Petition appears to be untimely.

Before the Court can dismiss the Petition as untimely, it must first provide Pringle notice and opportunity to be heard on the statute of limitations issue. *See Acosta v. Artuz,* 221 F.3d 117, 125 (2d Cir. 2000). Accordingly, Pringle is directed to complete the attached Section 2254 Timeliness Response Form and return it to the Clerk of Court no later than **forty-five (45) days from the entry of this Order**.

Pringle is directed to include specific and detailed information addressing the Court's timeliness concerns. Pringle should include the specific date when his first collateral attack was filed, along with the filing and decision dates of each Section 440.10 motion and each appeal, if any. Pringle should also provide the Court with any other information that may be relevant to the Court's determination of the statute of limitations issue, including whether there are grounds for equitable tolling of the statute of limitations. *See Smith*, 208 F.3d at 17 (In order to be entitled to equitable tolling, the petitioner must establish that (a) "extraordinary circumstances" prevented him from filing a timely petition, and (b) he acted with "reasonable diligence" during the period for which he now seeks tolling.)

4

Failure to return the completed form to the Court by forty-five (45) days from the entry of this Order will result in the automatic dismissal of the Petition.

## **ORDER**

For the reasons explained above,

IT HEREBY IS ORDERED that Pringle is directed to file a completed Section 2254 Timeliness Response Form **no later than 45 days from the entry of this Order**; and it is further

ORDERED, that if Pringle's Section 2254 Timeliness Response Form is not filed by 45 days from the entry of this Order, the Clerk of the Court is directed to dismiss the Petition as untimely pursuant to 28 U.S.C. § 2244(b)(1) without further order.

SO ORDERED.

Dated:   July 17, 2020
         Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE